**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **ANGELA KNOX**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| | **Case No. 2:24-cv-554** |
| v. | |
| | **Judge:** |
| **OMNICOM BENEFITS, INC.**, a Delaware corporation, | **Mag. Judge:** |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ANGELA KNOX** ("**KNOX**"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Employee Retirement Income Security Act (ERISA), § 502, 29 U.S.C. 1132 for breach of the terms of an employee benefit plan and breach of fiduciary duties in violation of ERISA.

## PARTIES

2. The Plaintiff, **ANGELA KNOX** ("**KNOX**") is an individual and a resident of Florida who currently resides in Lee County, Florida, and was employed by the Defendant, **OMNICOM BENEFITS, INC.** ("**OMNICOM**").

1

3. Defendant, **OMNICOM** is a Delaware corporation, which does business within Lee County, Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, ERISA, § 502(e) and (f), and 29 U.S.C. 1132(e) and (f).

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **KNOX** worked for **OMNICOM** and paid for a short-term disability insurance policy.

7. This is a civil complaint brought by **KNOX** under the Employee Retirement Income Security Act (ERISA), § 502, 29 U.S.C. 1132, regarding breach of the terms of an employee benefit plan and breach of fiduciary duties, for the purpose of compelling **OMNICOM** to provide certain disability income benefits in the amounts promised, and for an accounting, recovery of damages, costs, penalties and attorney fees incurred as a consequence of **OMNICOM**'s breaches of its obligations and duties under ERISA as detailed herein.

8. At all relevant times, **KNOX** was a participant, as defined by ERISA § 3(7), 29 U.S.C. 1002(7), in the Defendant, **OMNICOM**'s, short-term disability Plan ("Plan").

9. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. 1002(1), and is named herein as a necessary party for the relief requested.

10. At all relevant times, Defendant, **OMNICOM**, was a fiduciary of the Plan within the meaning of ERISA ß 3(21), 29 U.S.C. 1002(21), in that **OMNICOM** acted as claims fiduciary for the Plan, and exercised authority and control over the payment of short-term disability benefits, which are assets of the Plan, administering claims for benefits and making the actual benefits eligibility decisions.

11. Pursuant to 29 C.F.R. ß 2560.503-1(h)(1), **OMNICOM** functioned as a plan administrator for claims procedure and determination purposes.

12. **OMNICOM**, undertook to evaluate **KNOX**'s claim for short-term disability benefits in its capacity as plan administrator for those benefits.

13. **KNOX**'s claim for short-term disability benefits is governed by **OMNICOM**'s Plan, and **OMNICOM** owed **KNOX** a fiduciary duty to act in the best interest of **KNOX** and the Plan for the sole purpose of providing benefits to **KNOX**.

14. On or about July 17, 2023, **KNOX** applied for short-term disability benefits (Claim # 40079173).

15. **KNOX** was approved for short-term disability benefits beginning on July 18, 2023.

16. However, her claim was abruptly denied on September 13, 2023 "because you were terminated by your Employer effective August 1st, 2023."

17. **OMNICOM** (through its third-party administrator) cites to language purportedly in the Plan in effect at the time, stating that payments end "10) the date of Your employment termination."

18. However, this language is **<u>not</u>** in the Plan.

19. The effective date for **OMNICOM**'s Plan # GRH-073098 is January 1, 2023. **OMNICOM** (through its third-party administrator) sent **KNOX** a copy of Plan # GRH-073098, which it confirms was the "disability benefit policy that she was enrolled in prior to her termination date."

20. The Termination of Payment section appears at p. 7 of the Plan, and it contains only nine circumstances where benefits will stop – not ten:



**BENEFITS**

**Disability Benefit:** *What are my Disability Benefits under The Plan?*
If, while covered under this Benefit, You:
1) become Totally Disabled;
2) remain Totally Disabled; and
3) submit Proof of Loss to the Claims Evaluator;
The Plan will pay the Weekly Benefit.

The amount of any Weekly Benefit payable will be reduced by:
1) the total amount of all Other Income Benefits, including any amount for which You could collect but did not apply; and
2) any income received from the Employer for the period You are Totally Disabled.

**Partial Week Payment:** *How is a benefit calculated for a period of less than a week?*
If a Weekly Benefit is payable for less than a week, The Plan will pay 1/5 of the Weekly Benefit for each day You were Disabled.

**Recurrent Disability:** *What happens to my benefits if I return to work as an Active Employee and then become Disabled again?*
When Your return to work as an Active Employee is followed by a Disability, and such Disability is:
1) due to the same cause; or
2) due to a related cause; and
3) within 14 consecutive calendar days of the return to work;
the Period of Disability prior to Your return to work and the recurrent Disability will be considered one Period of Disability, provided The Plan remains in force.

If You return to work as an Active Employee for 14 consecutive days or more, any recurrence of a Disability will be treated as a new Disability.

**Period of Disability** means a continuous length of time during which You are Disabled under The Plan.

**Multiple Causes:** *How long will benefits be paid if a period of Disability is extended by another cause?*
If a period of Disability is extended by a new cause while Weekly Benefits are payable, Weekly Benefits will continue while You remain Disabled, subject to the following:
1) Weekly Benefits will not continue beyond the end of the original Maximum Duration of Benefits; and
2) any Exclusions will apply to the new cause of Disability.

**Termination of Payment:** *When will my benefit payments end?*
Benefit payments will stop on the earliest of:
1) the date You are no longer Disabled;
2) the date You fail to furnish Proof of Loss;
3) the date You are no longer under the Regular Care of a Physician;
4) the date You refuse the Claims Evaluator's request that You submit to an examination by a Physician or other qualified medical professional;
5) the date of Your death;
6) the date You refuse to receive recommended treatment that is generally acknowledged by Physicians to cure, correct or limit the disabling condition;
7) the last day benefits are payable according to the Maximum Duration of Benefits;
8) the date Your Current Weekly Earnings exceed 80% of Your Pre-disability Earnings if You are receiving benefits for being Disabled from Your Occupation; or
9) the date no further benefits are payable under any provision in The Plan that limits benefit duration.

**Disabled and Working Benefits:** *How are benefits paid when I am Disabled and Working?*
If, while covered under this benefit, You are Disabled and Working, as defined, the Claims Evaluator will use the following calculation to determine Your Weekly Benefit:

$$\text{Weekly Benefit} = \frac{(A - B)}{A} \times C$$

Where

7

21. As seen, nowhere in that section is there a "10)," nor is there any of the purported language stating benefits end on "the date of Your employment termination." In other words, **OMNICOM** has erroneously terminated benefits based on language that is <u>not</u> contained in the Plan.

22. As the claims representative that **KNOX** spoke to on August 1, 2023 stated: "adv that per policy her payments will continue since her DOD is prior to

being terminated." This is a correct statement as it is consistent with the Plan in effect as of **KNOX**'s date of disability.

23. As seen, **OMNICOM**'s decision of September 13, 2023 was to end benefits based on language not contained in the Plan.

24. **OMNICOM** is self-insured and administers its own short/long-term disability insurance policies.

25. **OMNICOM**'s denial of full short-term disability benefits was arbitrary and capricious and was contrary to the clear terms of the SPD.

26. **KNOX** is entitled to the full amount of short-term disability benefits provided under the Plan.

27. At all relevant times, **KNOX** met the definitions, criteria and requirements of the terms of the Plan in order to lawfully receive short-term disability benefits.

28. As a result of **OMNICOM**'s abuse of discretion and violation of administrative regulations, **KNOX** is entitled to immediate payment of all past due short-term disability benefits, as well as, interest thereon as the highest rate allowed by law.

## <u>COUNT I – VIOLATION OF ERISA- CLAIM FOR BENEFITS</u>

29. Plaintiff incorporates by reference Paragraphs 1-28 of this Complaint as though fully set forth below.

30. ERISA § 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a Plan, to enforce her rights under the terms of a Plan, and/or to clarify her rights to future benefits under the terms of a Plan.

31. **OMNICOM**'s termination and denial of **KNOX**'s short-term disability benefits claim is in direct violation of the terms of the Plan, the ERISA statute, and the common law relative thereto.

**WHEREFORE** the Plaintiff respectfully requests that this honorable Court grant her the following relief:

i. A judgment pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), and 28 U.S.C. 2201, finding that the Plaintiff is entitled to full short-term disability benefits in the proper amounts set forth in the Plan, and declaring that the Defendant has violated the Plan and its fiduciary duties by failing to pay these benefits;

ii. A full and accurate accounting by the Defendant of all computations for Plaintiff's benefits, in sufficient detail so that it may be ascertained that these benefits have or have not been paid in the proper amounts;

iii. An order compelling the Defendant to pay Plaintiff forthwith the full amount of the benefits presently due her under the Plan, and further requiring Defendants to continue future benefits payments due her for the period set forth in the Plan, including on all unpaid benefits;

iv.    An order awarding Plaintiff reasonable attorney fees and costs of action, pursuant to ERISA § 502(g)(1), 29 U.S.C. 1132(g)(1); and

v.    Such other and further relief as the Court may deem just and appropriate.

<u>**DEMAND FOR JURY TRIAL**</u>

**NOW COMES** the Plaintiff, **ANGELA KNOX**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: June 12, 2024

<u>**s/ Benjamin H. Yormak**</u>
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com